LAFAYETTE & KUMAGAI LLP
GARY T. LAFAYETTE (State Bar No. 088666)
REBECCA K. KIMURA (State Bar No. 220420)
PAUL J. KATZ (State Bar No. 243932)
100 Spear Street, Suite 600
San Francisco, California 94105
Telephone:   (415) 357-4600
Facsimile:    (415) 357-4605

Attorneys for Defendant
COMCAST CORPORATION

ORIGINAL
FILED

OCT 2 1 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DMR

LYNN HALL, individually and on behalf of others similarly situated,

        Plaintiff,

vs.

COMCAST CORPORATION, COMCAST OF CALIFORNIA/COLORADO/TEXAS/ WASHINGTON, INC., COMCAST OF CALIFORNIA/COLORADO/ WASHINGTON I, INC., and DOES 1 to 50,

        Defendants.

Case No. CV 11 5174

CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

I, Cameron Galloway, certify and declare as follows:

I am over the age of 18 years and not a party to this action.

My business address is 100 Spear Street, Suite 600, San Francisco, California 94105, which is located in the city and county where the mailing described below took place.

On October 21, 2011, I deposited in the United States mail in San Francisco, California a copy of the Notice to Adverse Party of Removal to Federal Court dated October 21, 2011, to Plaintiff's counsel at the address below:

Todd M. Schneider, Esq.
Carolyn H. Cottrell, Esq.
Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104

A true and correct copy of the Notice to Adverse Party of Removal to Federal Court is attached to this Certificate as Exhibit "A."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 21, 2011, at San Francisco, California.

_____
CAMERON GALLOWAY

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

Exhibit A



1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  REBECCA K. KIMURA (State Bar No.: 220420)
   PAUL J. KATZ (State Bar No. 243932)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone:   (415) 357-4600
   Facsimile:   (415) 357-4605
5
   Attorneys for Defendant
6  Comcast of California / Colorado / Washington I, Inc.

7

8                   SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF ALAMEDA

10

11  LYNN HALL, individually and on behalf of          Case No. RG 11595543
    all others similarly situated,
12                                                     **NOTICE TO ADVERSE PARTY OF**
13                                                     **REMOVAL TO FEDERAL COURT**
              Plaintiff,
14                                                     Complaint Filed:   September 16, 2011
    vs.
15
16  COMCAST CORPORATION, COMCAST
    OF CALIFORNIA / COLORADO / TEXAS /
17  WASHINGTON, INC., COMCAST OF
    CALIFORNIA / COLORADO /
18  WASHINGTON I, INC. and DOES 1 to 50

19
              Defendants.
20

21
    TO PLAINTIFF LYNN HALL AND HER ATTORNEYS OF RECORD:
22
         PLEASE TAKE NOTICE that a Notice of Removal of this action was filed with the
23
    United States District Court for the Northern District of California on November 4, 2011.
24
         A copy of said Notice of Removal is attached to this Notice as Exhibit 1 and is served and
25
    filed herewith.
26
    ///
27
    ///
28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1

---

1

2    DATED:  October 21, 2011                    LAFAYETTE & KUMAGAI LLP

3

4                                                _____
                                                 GARY T. LAFAYETTE
5                                                Attorneys for Defendant
                                                 Comcast of California / Colorado / Washington I,
6                                                Inc.

7

8

9

10

11

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

PROOF OF SERVICE

I declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On October 21, 2011, I served the document named below on the parties in this action as follows:

**NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT**

**X**　(BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____　(BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

_____　(BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, A copy of each document to the addressee(s) noted below

_____　(BY ELECTRONIC TRANSMISSION) I caused to be sent via email at the email address(es) listed below, a copy of each document to the addressee(s) noted below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

_____　(BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Todd M. Schneider
Carolyn H. Cottrell
Lee B. Szor
Schneider Wallace Cottrell Brayton Koncecky LLP
180 Montgomery Street, Suite 2000
San Francisco, CA 94104

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___October 21, 2011___ , at San Francisco, California.

_____
Cameron Galloway

Exhibit 1

1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  REBECCA K. KIMURA (State Bar No.: 220420)
   PAUL J. KATZ (State Bar No. 243932)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone:   (415) 357-4600
   Facsimile:   (415) 357-4605
5
   Attorneys for Defendant
6  Comcast of California / Colorado / Washington I, Inc.

7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11 LYNN HALL, individually and on behalf of        Case No.
   all others similarly situated,
12                                                 **NOTICE OF REMOVAL OF ACTION**
13                                                 **UNDER 28 U.S.C. SECTION 1441(b)**
                  Plaintiff,                       **(DIVERSITY JURISDICTION)**
14
   vs.
15
16 COMCAST CORPORATION, COMCAST
   OF CALIFORNIA / COLORADO / TEXAS /
17 WASHINGTON, INC., COMCAST OF
   CALIFORNIA / COLORADO /
18 WASHINGTON I, INC. and DOES 1 to 50

19
                  Defendants.
20

21

22 TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          PLEASE TAKE NOTICE that defendant Comcast of California / Colorado / Washington

24 I, Inc. ("Defendant") removes to this Court the state court action described below.

25          1.      On September 16, 2011, an action was commenced in the Superior Court of the

26 State of California, County of Alameda, entitled *Lynn Hall, individually and on behalf of others*

27 *similarly situated v. Comcast Corporation, Comcast of California / Colorado / Texas /*

28 *Washington, Inc., Comcast of California / Colorado / Washington I, Inc. and Does 1 to 50*, Case

                                                                                              1

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  No. RG 11595543 (the "Action"). (A true and correct copy of the original complaint

2  ("Complaint") is attached hereto as Exhibit A.)

3      2.    Defendant was personally served through its process agent on September 21,

4  2011, with a copy of the Complaint, a summons, a civil case cover sheet and addendum, a

5  declaration in support of the determination that this case is complex, and a notice of hearing.

6  (True and correct copies of this summons, cover sheet and addendum, declaration, and notice of

7  hearing are attached hereto as Exhibits B, C, D and E, respectively.)

8      3.    Defendant filed an answer to the Complaint in state court on October 20, 2011.

9  (A true and correct copy of this answer is attached hereto as Exhibit F.)

10      Exhibits A through E comprise all process, pleadings, and orders served on Defendant in

11  the Action.

12  <u>Jurisdiction</u>

13      4.    This is a civil action of which this Court has original jurisdiction pursuant to 28

14  U.S.C. § 1332(d), and is one which may be removed to this Court by Defendant pursuant to the

15  provisions of 28 U.S.C. § 1441(b), in that it is a class action in which the amount in controversy

16  exceeds $5,000,000 (exclusive of interest and costs); Plaintiff is a citizen of a different state than

17  Defendant; and Plaintiff's proposed class includes more than 100 members.

18      5.    Plaintiff alleges that Defendant, Comcast Corporation, and Comcast of California /

19  Colorado / Texas / Washington, Inc. failed to reimburse her and putative class members for

20  business expenses in violation of California Labor Code section 2802 and California Business

21  and Professions Code sections 17200 *et seq.* On behalf of herself and her putative class, Plaintiff

22  seeks declaratory and injunctive relief, compensatory damages, restitution, statutory penalties

23  under California Labor Code section 2699(a) and (f) and California Business and Professions

24  Code section 17202, and attorneys' fees. These forms of relief in the aggregate present a

25  controversy worth over $5,000,000.

26      6.    Plaintiff alleges that putative class members are required to incur approximately

27  $1,200 in mileage expenses per month, but are reimbursed only up to $600 per month. Because

28  there are over 150 class members, Plaintiff seeks compensatory damages of at least $4,320,000

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

just for under-reimbursement of mileage expenses.  Plaintiff also seeks statutory damages under

the California Labor Code for each alleged violation per employee per pay period, which would

total over $2,500,000.   In addition to these amounts, Plaintiff seeks damages for cell-phone and

home-office expenses, equitable relief, and attorneys' fees.  All told, Plaintiff's requested relief

surpasses $5,000,000.

7.      Additionally, Plaintiff alleges that each putative class member's claims may be

worth up to $75,000, exclusive of interest and costs.  (Complaint ¶ 14.)  Because there are over

150 proposed class members, Plaintiff's may be seeking over $11,250,000 for her proposed class.

8.      Plaintiff Lynn Hall alleges she is a resident of the County of Alameda, which is

within the State of California.  (Complaint ¶ 9.)  By contrast, Defendant is incorporated in the

State of Washington, and has its principle place of business in the Commonwealth of

Pennsylvania, where its headquarters and officers are located.  Therefore, Plaintiff and Defendant

are citizens of different states.

9.      Plaintiff defines her proposed class as "all individuals employed in California by

Comcast as Business Account Executives, or similarly situated outside salespersons, at any time

within the period of four years prior to the commencement of this action through the date of

judgment of this action."  (Complaint ¶ 26.)  This proposed class contains more than 150

members.

10.     Defendants Comcast Corporation and Comcast of California / Colorado / Texas /

Washington, Inc. have not yet been served in this Action.  Therefore, they need not join this

Notice of Removal. However, all defendants consent to the Removal.

11.     The defendants designated in the Complaint as Does 1 to 50 are fictitious

defendants whose citizenship is to be disregarded for purposes of removal.  28 U.S.C. § 1441(a).

<u>Intradistrict Assignment</u>

12.     This Action should be assigned to the San Francisco Division or Oakland Division

because a substantial part of the events or omissions that gave rise to it occurred in Alameda

County.

13.     Defendant requests that the Court accept this Notice of Removal and that the

3

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY
JURISDICTION)

1   Action pending against Defendant in the Superior Court of the State of California, County of

2   Alameda, Case No. RG 11595543, be removed to this Court for all proceedings.

3

4   DATED:  October 21, 2011                    LAFAYETTE & KUMAGAI LLP

5

6

7                                               GARY T. LAFAYETTE
                                                Attorneys for Defendant
8                                               Comcast of California / Colorado / Washington I,
                                                Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

4

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY
JURISDICTION)

Exhibit A

1 | TODD M. SCHNEIDER (SBN 158253)
2 | CAROLYN H. COTTRELL (SBN 166977)
  | LEE B. SZOR (SBN 276381)
  | SCHNEIDER WALLACE
3 | COTTRELL BRAYTON KONECKY LLP
  | 180 Montgomery Street, Suite 2000
4 | San Francisco, California 94104
  | Telephone: (415) 421-7100
5 | Facsimile: (415) 421-7105

6 | Attorneys for Plaintiff and the Putative Class

ENDORSED
FILED
ALAMEDA COUNTY

SEP 16 2011

CLERK OF THE SUPERIOR COURT
By ___PTON COHEN___      Deputy

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

## (UNLIMITED JURISDICTION)

LYNN HALL, individually and on behalf of others similarly situated,

        Plaintiff,

    vs.

COMCAST CORPORATION, COMCAST OF CALIFORNIA / COLORADO / TEXAS / WASHINGTON, INC., COMCAST OF CALIFORNIA / COLORADO / WASHINGTON I, INC., and DOES 1 to 50

        Defendants.

Case No.: RG11595543

**COMPLEX CASE; CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE; CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200,** *et seq.*

**TRIAL BY JURY DEMANDED**

---

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Plaintiff Lynn Hall, on behalf of herself individually and on behalf of all others similarly situated, hereby alleges the following:

## INTRODUCTION

1. Plaintiff Lynn Hall (hereinafter "Plaintiff") brings this class action on behalf of herself and all other similarly situated Business Account Executives against Defendants Comcast Corporation, Comcast of California / Colorado / Texas / Washington, Inc., Comcast of California / Colorado / Washington I, Inc., and Does 1-50 (hereinafter collectively referred to as "Defendants") for violations of the California Labor Code and the California Business and Professions Code §§17200, *et seq.* (hereinafter "Unfair Competition Law" or "UCL"). Plaintiff challenges Defendants' policies and/or practices of failing to reimburse Business Account Executives for necessary expenditures and losses they incur in the direct consequence of the discharge of their employment duties.

2. Plaintiff Lynn Hall worked as a Business Account Executive in Alameda County, California. Defendants classify Business Account Executives as exempt from California's overtime laws. As compensation, Business Account Executives receive a salary and also receive commission on the sales that they make. As a Business Account Executive, Plaintiff used her personal vehicle to travel to businesses in Northern California, where she sold Defendants' products and services. Plaintiff seeks to represent a class of current and former Business Account Executives employed by Defendants who have been denied reimbursement for necessary expenditures in violation of California law ("Class").

3. Defendants have a policy and/or practice of failing to reimburse Business Account Executives for mileage expenses, cellular phone expenses, and other work-related expenditures. This policy and/or practice is in direct violation of California Labor Code § 2802, which requires employers to reimburse employees for necessary expenditures and losses incurred by employees in the direct consequence of the discharge of their duties.

4. Defendants have a policy and/or practice of requiring Business Account Executives to travel an estimated 2,400 miles per month in order to meet their sales' quota. Defendants have a

1

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  policy and/or practice of prohibiting Business Account Executives from claiming more than

2  $600.00 in reimbursable mileage expenses in their monthly mileage expense reports. Thus, at the

3  rate of 50 cents per mile, Plaintiff and the Class are deprived of approximately $600.00 per month

4  in unpaid mileage expenses.

5      5.  Defendants have a policy and/or practice of requiring Business Account Executives to

6  make work-related phone calls from their personal cellular telephones. Defendants have a policy

7  and/or practice of failing to reimburse Plaintiff and the Class for the expenses they incur when

8  making work-related phone calls from their personal cellular telephones.

9      6.  Defendants have a policy and/or practice of requiring Business Account Executives to

10  maintain a home-office so that they can perform their job duties from their home-office and

11  outside of regular business hours. Defendants have a policy and/or practice of requiring Business

12  Account Executives to maintain certain work-related equipment and office supplies in their home-

13  office, such as a fax machine, printer, scanner, paper, and/or ink, so that they can perform their job

14  duties from their home-office and outside of regular business hours. Defendants have a policy

15  and/or practice of failing to reimburse Plaintiff and the Class for the expenses they incur in

16  maintaining a home-office as required by Defendants.

17      7.  Defendants have injured Plaintiff and the Class by failing to reimburse Plaintiff and the

18  Class for necessary expenditures incurred in direct consequence of their job duties.

19      8.  Plaintiff and the Class seek injunctive and declaratory relief, restitution, compensatory

20  damages as permitted by applicable law, applicable civil penalties, interest, attorneys' fees, costs

21  and expenditures.

22                                **PARTIES**

23      9.  Plaintiff Lynn Hall is a resident of the County of Alameda and is a former employee of

24  Defendants. Plaintiff worked for Defendants as a Business Account Executive within the relevant

25  statutory period. Plaintiff has suffered injury and lost money and property as a result of

26  Defendants' unlawful policies and/or practices.

27

28

---

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

2

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

10. Defendant Comcast Corporation is a corporation organized under the laws of the Commonwealth of Pennsylvania and is the nation's leading cable provider.  Defendant Comcast of California / Colorado / Texas / Washington, Inc. is a corporation organized under the laws of the State of Washington.  Plaintiff is informed that, in approximately 2005, Defendant Comcast of California / Colorado / Texas / Washington, Inc. changed its entity name to Comcast of California / Colorado / Washington I, Inc.  Collectively, Defendants sold their products and services throughout California and employed Business Account Executives throughout the class period to sell Defendants' internet, phone, and cable television services to businesses.

11. The true names and capacities, whether individual, corporate, associate, or otherwise, of Does 1-50 (hereinafter the "Doe Defendants"), inclusive, are unknown to Plaintiff, who therefore sues the Doe Defendants by fictitious names.  Plaintiff is informed, believes, and thereon alleges that each of these fictitiously-named Doe Defendants is responsible in some manner for the violations of the California Labor Code and Unfair Competition Law alleged herein and for Plaintiff's and the Class' damages as alleged herein.  Plaintiff will amend this Complaint to show the true names and capacities of the individual Doe Defendants when they have been ascertained.

12. Plaintiff is informed and believes that Defendants are liable to Plaintiff and the Class as an "employer," as that term is defined in California Labor Code § 18.  As employers of Plaintiff and the Class throughout the relevant time period, Defendants, and each of them, are jointly and severally liable for the damages and penalties owed to Plaintiff and the Class.

## JURISDICTION

13. This Court has jurisdiction over the claims of Plaintiff and the Class that Defendants have improperly failed to reimburse them for expenditures incurred in the discharge of their duties.

14. Neither Plaintiff's individual claims nor the claims of any Class member exceed $75,000, exclusive of interest and costs.

15. This Court has jurisdiction over the claims of the Plaintiff and the Class for injunctive relief and restitution of mileage and other necessary expenditures arising from Defendants' unfair competition under Business & Professions Code §§17203 and 17204.

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

## VENUE

16. Venue as to Defendants is proper in Alameda County, California pursuant to California Code of Civil Procedure § 395(a).  Defendants conduct business, employ Class members, and have facilities in Alameda County, and some of the events complained of occurred in Alameda County.

## FACTUAL ALLEGATIONS

17. Defendants employ Business Account Executives to sell their internet, phone, and cable television services to businesses.  Defendants require Business Account Executives to use their own vehicles to travel from business to business in an effort to secure sales for Defendants' benefit.  Defendants require Business Account Executives to make a certain number of sales per month.  Business Account Executives earn points for each product or service they sell.  Business Account Executives who fail to earn the requisite number of points are disciplined or terminated.  There is no cap on the amount of income that Business Account Executives can earn from commissions.  Nearly half of Plaintiff's income was generated from commissions.  Plaintiff earned her commissions by driving to businesses and selling Defendants' products and services to these businesses.  Defendants require Business Account Executives to drive extensively as a part of their job duties, and Defendants provide Business Account Executives with a financial incentive to do so.

18. Business Account Executives are regularly denied reimbursement for necessary expenditures that they incur in direct consequence of the discharge of their employment duties.  Plaintiff regularly traveled over 2,400 miles per month for work-related purposes.  Plaintiff is informed that other Business Account Executives also regularly travel over 2,400 miles per month for work-related purposes.  Defendants' mangers are aware that Plaintiff and other Business Account Executives regularly travel this distance and are aware that Plaintiff and other Business Account Executives are entitled to reimbursement for all work-related mileage expenses at the rate of 50 cents per mile.  Nevertheless, Defendants' managers instructed Plaintiff she was only

4

1  permitted to record up to $600.00 in reimbursable mileage expenses on her monthly mileage

2  reports. Plaintiff is informed that Defendants' cap on mileage expense reimbursements is applied

3  to other Business Account Executives as well. Moreover, Defendants' managers instruct Plaintiff

4  and other Business Account Executives that they will only be reimbursed for up to $600.00 in

5  mileage expenses, even though Plaintiff and other Business Account Executives were and are

6  required to incur approximately $1,200.00 in mileage expenses in order to (a) meet their sales

7  quota, (b) visit 40 businesses a day, 10 of which had to be new businesses, i.e. new clients, and (c)

8  earn a substantial portion of their income through sales commissions. As a result of Defendants'

9  refusal to fully reimburse Plaintiff and other Business Account Executives for their mileage

10  expenses, Plaintiff is informed that she and other Business Account Executives are deprived of

11  approximately $600.00 per month in mileage expenditure reimbursements. Defendants' failure to

12  reimburse Plaintiff and other Business Account Executives for their work-related mileage expenses

13  is a policy and/or practice applied to Plaintiff and the Class and is in contravention of California

14  law.

15      19. Additionally, Plaintiff used her personal cellular phones to communicate with

16  customers. Plaintiff is informed that other Business Account Executives also use their personal

17  cellular phones to communicate with customers. Defendants are aware that Plaintiff and other

18  Business Account Executives use their personal cellular telephones to make work-related calls.

19  Nevertheless, Plaintiff is informed that Defendants refuse to reimburse Plaintiff and other Business

20  Account Executives for the cost of these calls. Defendants' failure to reimburse Plaintiff and other

21  Business Account Executives for their work-related cellular phone expenses is a policy and/or

22  practice applied to Plaintiff and the Class and is in contravention of California law.

23      20. Defendants instructed Plaintiff to set up a home-office so that she could perform her job

24  duties at home and outside of regular business hours. Plaintiff is informed that Defendants

25  likewise require other Business Account Executives to set up a home-office. Plaintiff is informed

26  that Defendants require her and other Business Account Executives to purchase and/or maintain a

27  printer, a fax machine, a scanner, paper, printer ink and other office supplies. Defendants failed to

28

5

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

1   reimburse Plaintiff and other Business Account Executives for the costs of office supplies they

2   purchase to stock their home-offices. Defendants' failure to reimburse Plaintiff and other Business

3   Account Executives for their work-related expenditures, including those spent on printers, fax

4   machines, scanners, paper, printer ink, and other office supplies, is a policy and/or practice applied

5   to Plaintiff and the Class and is in contravention of California law.

6       21. Through these policies and/or practices, Defendants exploited Plaintiff and other

7   Business Account Executives by retaining expenditures owed to them as a matter of law.

8       22. Defendants' unlawful conduct has been widespread, repeated and consistent.

9   Defendants knew or should have known that their policies and/or practices deny Plaintiff and the

10   Class reimbursement for necessary expenditures incurred in direct consequences of the discharge

11   of their duties.

12       23. The conduct of Defendants, as set forth above, has been willful and in bad faith, and has

13   resulted in significant damages to Plaintiff and to the Class.

14       24. Plaintiff and the Class are entitled to recover damages and restitution resulting from each

15   of Defendants' unlawful policies and/or practices, as well as resulting statutory penalties and

16   attorneys' fees and costs.

17       25. Prior to the filing of this complaint and pursuant to California Labor Code § 2699.3(a),

18   Plaintiff gave written notice by certified mail to Comcast Corporation and to the Labor Workforce

19   Development Agency (hereinafter "LWDA") of the factual and legal basis for the labor law

20   violations alleged in this complaint. The LWDA failed to provide notice within 33 calendar days

21   of the postmark date of Plaintiff's written notice that it has no intent to pursue the claims alleged in

22   this Complaint. Therefore, pursuant to California Labor Code § 2699(a)(2), Plaintiff is entitled to

23   commence a civil action under California Labor Code § 2699.

24

25

26

27

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

## ALLEGATIONS FOR CLASS ACTION

26. Plaintiff brings this action on behalf of herself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382. The Class that Plaintiff seeks to represent is defined as follows:

> "all individuals employed in California by Comcast as Business Account Executives, or similarly situated outside salespersons, at any time within the period of four years prior to the commencement of this action through the date of judgment of this action."

27. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382, because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable:

    a. Numerosity: The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.

    b. Commonality: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

        i. Whether Defendants have violated and continues to violate the California Labor Code;

        ii. Whether Defendants' policy and/or practice of failing to pay Plaintiff and the Class all necessary expenditures and losses incurred in the direct consequence of the discharge of their duties is an unlawful, unfair, or fraudulent business act or practice in violation of the California Unfair Competition Law;

        iii. Whether Defendants have violated California Labor Code § 2802 by failing to reimburse Plaintiff and the Class for necessary expenditures and losses incurred in the direct consequence of the discharge of their duties;

7

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

iv.  Whether Defendants' policies and/or practices have constituted unlawful, unfair, or fraudulent business practices in violation of California Unfair Competition Law;

v.  The proper formula for calculating restitution and damages owed to Plaintiff and the Class as alleged herein.

c.  Typicality:  Plaintiff's claims are typical of the claims of the Class.  Defendants' common policies, practices, and course of conduct are in violation of the law as alleged herein and have caused Plaintiff and the Class to sustain the same or similar injuries and damages.  Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

d.  Adequacy:  Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel competent and experienced in complex employment class action litigation.

e.  Superiority:  The nature of this action and the nature of laws available to Plaintiff make the class action format the superior and appropriate procedure to afford relief for the wrongs alleged herein.  Individual joinder of all the members of the Class is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' policies and/or practices.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for those parties and the judicial system.

## ADDITIONAL ALLEGATIONS

28. Plaintiff is an aggrieved employee as defined in California Labor Code § 2699(a).

29. Plaintiff is informed and believes and thereon alleges that Defendants committed the following violations of the California Labor Code against Plaintiff and, on information and belief, against other current or former employees while employed by Defendants:

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

a. Defendants violated California Labor Code § 2802 by failing to reimburse Plaintiff and the Class for necessary expenditures and losses incurred in the direct consequence of the discharge of their duties.

### FIRST CAUSE OF ACTION
### FAILURE TO REIMBURSE NECESSARY EXPENDITURES
### (California Labor Code § 2802)

30. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

31. California Labor Code §2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

32. Class members are required to drive their personal vehicles an estimated 2,400 miles per month to perform their work duties, but are only reimbursed by Defendants for a fraction of those miles. Defendants have failed to reimburse Plaintiff and the Class for these additional miles in violation of the California Labor Code.

33. Furthermore, Defendants are aware that Class members use their personal cellular phones to make work-related phone calls. Nevertheless, Defendants refuse to reimburse Business Account Executives for the costs they incur as a result of using their personal cellular phones to make work-related phone calls.

34. In addition, Defendants require Class members to set up a home-office. Class members are required to purchase and/or maintain a printer, a fax machine, a scanner, paper, printer ink and other office supplies for the purpose of setting up a home-office. Yet Defendants refuse to reimburse Business Account Executives for the costs they incur as a result of setting up a home-office.

35. Plaintiff and each putative class member have suffered damages as a direct result of Defendants' failure to comply with the California Labor Code § 2802. Plaintiff and the Class seek reimbursement for the necessary expenditures they have incurred in direct consequence of the

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

1  discharge of their duties in an amount according to proof at time of trial, including any interest

2  thereon, costs, applicable civil penalties, and attorneys' fees pursuant to California Labor Code §

3  2802.

4      36. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

5  

**SECOND CAUSE OF ACTION**
**UNFAIR COMPETITION AND UNLAWFUL BUSINESS PRACTICES**
6  **(Business and Professions Code §§ 17200, et seq.)**

7      37. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

8  herein.

9      38. California Business and Professions Code §§ 17200 et. seq. (also referred to herein as

10  the "Unfair Competition Law" or "UCL") prohibits unfair competition in the form of any

11  unlawful, unfair, or fraudulent business act or practice.

12      39. California Business and Professions Code § 17204 allows a person injured by unfair

13  business acts or practices to prosecute a civil action for violation of the Unfair Competition Law.

14      40. California Labor Code § 90.5(a) states it is the public policy of California to vigorously

15  enforce minimum labor standards in order to ensure that employees are not required to work under

16  substandard and unlawful conditions, and to protect employers who comply with the law from

17  those who attempt to gain competitive advantage at the expense of their workers by failing to

18  comply with minimum labor standards.

19      41. Beginning at an exact date unknown to Plaintiff, but at least since the date four years

20  prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by

21  the Unfair Competition Law, by engaging in the unlawful, unfair, and fraudulent business practices

22  and acts described in this Complaint, including, but not limited to:

23          a.   violations of California Labor Code § 2802; and

24          b.   violation of California Labor Code §§ 226(a-c).

25      42. The violations of these laws, as well as of the fundamental California public policies

26  protecting workers and requiring reimbursement of work-related expenditures, serve as unlawful

27

28

10

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

1   predicate acts and practices for purposes of California Business and Professions Code §§ 17200 *et.*

2   *seq.*

3       43. The acts and practices described above constitute unfair, unlawful, and fraudulent

4   business practices, and unfair competition, within the meaning of California Business and

5   Professions Code §§ 17200 *et. seq.*, in that, for the reasons set forth above, said acts and practices

6   violate the California Labor Code. By engaging in unfair competition through its acts and

7   practices of denying Plaintiff and the Class reimbursement of expenditures, Defendants have

8   obtained a significant unfair competitive advantage over law-abiding employers and competitors.

9       44. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and

10  the Class have suffered a loss of money and property, in the form of unpaid expenditures, which

11  are due and payable to them.

12      45. California Business and Professions Code § 17203 provides that a court may make such

13  orders or judgments as may be necessary to prevent the use or employment by any person of any

14  practice that constitutes unfair competition. Injunctive relief is necessary and appropriate to

15  prevent Defendants from repeating their unlawful, unfair, and fraudulent business acts and

16  business practices alleged above.

17      46. California Business and Professions Code § 17203 provides that the Court may restore

18  to any person in interest any money or property that may have been acquired by means of such

19  unfair competition. Plaintiff and the Class are entitled to restitution for all payments unlawfully

20  withheld from them during the four-year period prior to the filing of this Complaint, pursuant to

21  California Business and Professions Code § 17203.

22      47. California Business and Professions Code § 17202 provides: "Notwithstanding Section

23  3369 of the Civil Code, specific or preventive relief may be granted to enforce a penalty,

24  forfeiture, or penal law in a case of unfair competition." Plaintiff and the Class are entitled to

25  enforce all applicable penalty provisions of the California Labor Code pursuant to California

26  Business and Professions Code § 17202.

27      48. Plaintiff's success in this action will enforce important rights affecting the public

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

11

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

1   interest, and in that regard, Plaintiff sues on behalf of herself as well as other similarly situated

2   employees. Plaintiff and the Class seek and are entitled to unpaid expenditures, restitution, any

3   applicable civil penalties, declaratory and injunctive relief, and all other equitable remedies owing

4   to them.

5       49. Plaintiff herein takes upon herself the enforcement of these laws and lawful claims.

6   There is a financial burden involved in pursuing this action. This action seeks to vindicate a public

7   right, and it would be against the interests of justice to penalize Plaintiff and the Class by forcing

8   them to pay attorneys' fees from the recovery in this action. Plaintiff and the Class request an

9   award of attorneys' fees, costs, and expenditures pursuant to California Code of Civil Procedure §

10   1021.5 and as otherwise permitted by statute.

11       50. Wherefore, Plaintiff and the Class request relief as hereinafter provided.

12

### THIRD CAUSE OF ACTION
### CIVIL PENALTIES FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE
13                **(California Labor Code § 2699(a))**

14       51. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set

15   forth herein.

16       52. California Labor Code § 2699(a) provides:

17       Notwithstanding any other provision of law, any provision of this code that provides for a

18       civil penalty to be assessed and collected by the Labor and Workforce Development Agency
or any of its departments, divisions, commissions, boards, agencies or employees, for a

19       violation of this code, may, as an alternative, be recovered through a civil action brought be
an aggrieved employee on behalf of himself or herself and other current or former

20       employees.

21       53.   Plaintiff is informed and believes and thereon alleges that Defendants committed the

22   aforementioned and following violations of the California Labor Code against Plaintiff and, on

23   information and belief, against Defendants' other current or former employees:

24       a.   Defendants violated California Labor Code § 2802 by failing to reimburse

25            Plaintiff and the Class for necessary expenditures and losses they incurred in the

26            direct consequence of the discharge of their duties.

27       54. Plaintiff seeks the aforementioned penalties on behalf of the State, other aggrieved

28

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

1  employees, and herself as set forth in California Labor Code § 2699(h).

2      55. Pursuant to California Labor Code § 2699.3(a) Plaintiff, prior to the filing of this

3  Complaint, gave written notice by certified mail to Comcast Corporation and to the LWDA of the

4  factual and legal basis for the labor law violations alleged in this complaint.  The LWDA failed to

5  provide notice within 33 calendar days of the postmark date of Plaintiff's written notice that it has

6  no intent to pursue the claims alleged in this Complaint.  Therefore, pursuant to California Labor

7  Code § 2699(a)(2), Plaintiff is entitled to commence a civil action under California Labor Code §

8  2699.

9      56. Defendants are liable to Plaintiff, the Class, and the State of California for the civil

10  penalties set forth in this Complaint, with interest thereon.  Plaintiff is also entitled to an award of

11  attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1), as set forth below.

12      57. Wherefore, Plaintiff and the Class pray for relief as set forth below.

13                        **FOURTH CAUSE OF ACTION**
     **CIVIL PENALTIES FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE**
14        **(2004 Private Attorneys General Act -California Labor Code § 2699(f))**

15      58. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth

16  herein.

17      59. California Labor Code § 2699(f) provides:

18      For all provisions of this code except those for which a civil penalty is specifically provided,
     there is established a civil penalty for a violation of these provisions, as follows: …(2) If, at
19      the time of the alleged violation, the person employs one or more employees, the civil
     penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the
20      initial violation and two hundred dollars ($200) for each aggrieved employee per pay period
     for each subsequent violation[.]
21
     60. To the extent than any violation alleged herein does not carry penalties under California
22
   Labor Code § 2699(a), Plaintiff seeks civil penalties pursuant to California Labor Code § 2699(f)
23
   for Plaintiff and each Class member for each pay period in which he or she was aggrieved, in the
24
   amounts established by California Labor Code § 2699(f).
25
     61. Plaintiff seeks the aforementioned penalties on behalf of the State of California, other
26
   aggrieved employees, and herself as set forth in California Labor Code § 2699(h).
27

28                                            13
SCHNEIDER WALLACE           *Lynn Hall, et al., v. Comcast Corporation, et al.*
COTTRELL BRAYTON   COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
KONECKY LLP                      §§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

62. Defendants are liable to Plaintiff, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiff is also entitled to an award of attorneys' fees and costs as set forth below.

63. Wherefore, Plaintiff and the Class pray for relief as set forth below

## PRAYER FOR RELIEF

Wherefore, Plaintiff and the Class pray for relief as follows:

1.    For an order certifying this case as a class action, appointing Plaintiff as the representative of the Class, and appointing Plaintiff's attorneys, Schneider Wallace Cottrell Brayton Konecky LLP, as Class Counsel;

2.    For a declaratory judgment that Defendants have violated California Labor Code § 2802 and public policy as alleged herein;

3.    For a declaratory judgment that Defendants have violated Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code, and has also violated California public policy protecting workers and prohibiting work without reimbursement for necessary work expenditures;

4.    For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

5.    For an order awarding Plaintiff and the Class compensatory damages, including unpaid expenditures, other employee benefits, and all other sums of money owed to Plaintiff and the Class, together with interest on these amounts, according to proof;

6.    For an equitable accounting to identify, locate, and restore to all current and former employees the restitution they are due, with interest thereon;

7.    For an award of restitution, according to proof, under the California Labor Code and under California Business and Professions Code §§ 17200-17205;

---

14

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE
§§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

8.     For an order imposing all statutory and/or civil penalties provided by law, including but not limited to, penalties under California Labor Code §§ 2699(a) and (f) and under California Business and Professions Code § 17202, together with interest on those amounts;

9.     Pre-judgment and post-judgment interest, as provided by law;

10.     For an award of reasonable attorneys' fees as provided by California Labor Code §§ 2802(c), 226(g) and 2699(g)(1); California Code of Civil Procedure § 1021.5; and/or other applicable law;

11.     For all costs of suit; and

12.     For such other and further legal and equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

Dated:  September 15, 2011                SCHNEIDER WALLACE
                                          COTTRELL BRAYTON
                                          KONECKY LLP


                                          _____
                                          CAROLYN H. COTTRELL
                                          Attorney for Plaintiff and the Putative Class

---

15

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a jury trial on all claims and issues raised in the Complaint for which Plaintiff and the Class are entitled to a jury.

Respectfully submitted,

Dated:  September 15, 2011

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

CAROLYN H. COTTRELL
Attorney for Plaintiff and the Putative Class

*Lynn Hall, et al., v. Comcast Corporation, et al.*
COMPLAINT FOR VIOLATIONS OF THE CALIFORNIA LABOR CODE AND CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*; DEMAND FOR JURY TRIAL

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

Exhibit B

SEP 21 2011  ⊙2638

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COMCAST CORPORATION, COMCAST OF CALIFORNIA /
COLORADO / TEXAS / WASHINGTON, INC., COMCAST OF
CALIFORNIA / COLORADO / WASHINGTON I, INC., and DOES  1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LYNN HALL, individually and on behalf of others similarly situated

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
| --- |
| ENDORSED FILED ALAMEDA COUNTY |
| SEP 16 2011 |
| CLERK OF THE SUPERIOR COURT |
| By  PTUNGOHEN |
| Deputy |

CASE NUMBER:
*(Número del Caso):*
RG11595543

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA,
County of Alameda, 1225 Fallon Street, Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Carolyn H. Cottrell (SBN 166977), SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP,
180 Montgomery Street, Suite 2000, San Francisco, CA  94104

DATE: SEP 16 2011   PAT S. SWEETEN   Clerk, by _Pilipino Singonban_, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Comcast of California/Colorado/Washington I, Inc.

   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Carolyn H. Cottrell (SBN 166977)
SCHNEIDER WALLACE COTTRELL BRAYTON KONECKY LLP
180 Montgomery St., Ste. 2000, San Francisco, CA 94104

TELEPHONE NO.: (415) 421-7100   FAX NO.: (415) 421-7105
ATTORNEY FOR *(Name):* Plaintiff Lynn Hall

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St.
MAILING ADDRESS: 1225 Fallon St.
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

ENDORSED
FILED
ALAMEDA COUNTY

SEP 16 2011

CLERK OF THE SUPERIOR COURT
By PTUNGOL...
Deputy

CASE NAME:
Lynn Hall, et. al. v. Comcast Corporation, et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: RG11595543 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* Four (4)
5. This case ☑ is ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 15, 2011

Carolyn H. Cottrell
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Lynn Hall, *et al.* v. Comcast Corporation, *et. al.* | Case Number: RG11595543 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE
### SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

[ ] Hayward Hall of Justice (447)

[✓] Oakland, Rene C. Davidson Alameda County Courthouse (446)     [ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) | | |
|---|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] | 34 | Auto tort (G) |
| | | | | Is this an uninsured motorist case?  [ ] yes [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] | 75 | Asbestos (D) |
| | Product liability (24) | [ ] | 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] | 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] | 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] | 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] | 80 | Civil rights (G) |
| | Defamation (13) | [ ] | 84 | Defamation (G) |
| | Fraud (16) | [ ] | 24 | Fraud (G) |
| | Intellectual property (19) | [ ] | 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] | 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] | 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] | 38 | Wrongful termination (G) |
| | Other employment (15) | [✓] | 85 | Other employment (G) |
| | | [ ] | 53 | Labor comm award confirmation |
| | | [ ] | 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] | 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] | 81 | Collections (G) |
| | Insurance coverage (18) | [ ] | 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] | 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] | 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] | 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] | 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] | 94 | Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ] | 47 | Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ] | 21 | Unlawful detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ] | 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] | 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] | 49 | Writ of mandate |
| | | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No |
| | Other judicial review (39) | [ ] | 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] | 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] | 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] | 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] | 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] | 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] | 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] | 19 | Enforcement of judgment |
| | | [ ] | 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] | 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] | 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] | 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] | 06 | Change of name |
| | | [ ] | 69 | Other petition |

Exhibit D

TODD M. SCHNEIDER (SBN 158253)
CAROLYN H. COTTRELL (SBN 166977)
LEE B. SZOR (SBN 276381)
SCHNEIDER WALLACE
COTTRELL BRAYTON KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
Telephone: (415) 421-7100
Facsimile: (415) 421-7105

Attorneys for Plaintiff and the Putative Class

ENDORSED
FILED
ALAMEDA COUNTY

SEP 16 2011

CLERK OF THE SUPERIOR COURT
By _____ PTUNGORAN
                                 Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

### (UNLIMITED JURISDICTION)

| | |
|---|---|
| LYNN HALL, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> COMCAST CORPORATION, COMCAST OF CALIFORNIA / COLORADO / TEXAS / WASHINGTON, INC., COMCAST OF CALIFORNIA / COLORADO / WASHINGTON I, INC., and DOES 1 to 50 <br><br> Defendants. | Case No.: RG11595543 <br><br> **DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX UNDER CALIFORNIA RULE OF COURT 3.400** |

*Lynn Hall, et al., v. Comcast Corporation, et al.*
DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX UNDER
CALIFORNIA RULE OF COURT 3.400

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

I, Carolyn H. Cottrell, hereby declare as follows:

1. I am a member in good standing of the bar of the State of California. I am a partner at the law firm of Schneider Wallace Cottrell Brayton Konecky LLP.

2. I am counsel of record for Plaintiff in the above-captioned matter. Each of the facts set forth herein are true and correct and based upon my personal knowledge. I could testify meaningfully to them if called upon to do so.

3. I have litigated numerous wage and hour class and collective actions in state and federal court, including in the Superior Court of California for the County of Alameda. Based on my experience, I regard this case to be complex within the meaning of California Rule of Court ("CRC") 3.400. I believe that, in terms of overall judicial efficiency and other case management issues, this case will benefit from a complex case determination and single assignment.

4. Plaintiff's complaint alleges that Defendants Comcast Corporation, Comcast of California / Colorado / Texas / Washington, Inc., Comcast of California / Colorado / Washington I, Inc., and Does 1-50 (hereinafter collectively referred to as "Defendants") unlawfully fail to reimburse Plaintiff and other Business Account Executives for the necessary expenditures they incur in direct consequence of the discharge of their duties. The complexity of this case arises from (1) the distinct California Labor Code violations which Plaintiff alleges as a result of Defendants' policies and/or practices, and (2) the underlying legal questions raised by these claims. Unlike other wage and hour cases which may allege a single underlying violation of the California Labor Code, Plaintiff here alleges that Defendants have a policy and/or practice that violates the California Labor Code and that is systematically applicable to Plaintiff and to the putative class of current and former Business Account Executives.

5. This case is a "complex case" as the term is defined in CRC 3.400(a) to the extent that it will require exceptional judicial management to avoid placing unnecessary burdens on the Court and the litigants to expedite the case, maintain reasonable costs, and promote effective decision making.

6. It is anticipated that this case will require several pre-trial motions, including, for

example, motions for class certification and summary judgment by Plaintiff. All of the anticipated

motion in this action, including discovery motions, motion for class certification, and motions for

summary judgment, will likely involve many of the same underlying set of facts and law. This

case will involve continuing themes and issues that will best be handled by a single judge.

7. This case will most likely involve a large number of witnesses and a substantial amount

of documentary evidence, because it involves a policy and/or practice of Defendants that applies

to, and has applied to, all of Defendants' Business Account Executives throughout California.

8. Furthermore, post-judgment judicial supervision may be necessary in this case because

Plaintiff seeks injunctive relief on behalf of herself and members of the putative class of current

and former Business Account Executive employees. Plaintiff seeks to enjoin Defendants from

continuing to apply to Business Account Executives certain allegedly unlawful policies and/or

practices regarding reimbursement for expenses incurred in direct consequence of the discharge of

their duties.

9. This case is provisionally complex under CRC 3.400(c) because it is a class action. This

County does not have a local rule declaring that cases such as this one are not provisionally

complex.


I declare under penalty of perjury under the laws of the State of California that the foregoing

is true and correct.

Executed on this 15th day of September, 2011 in San Francisco, California.



Carolyn H. Cottrell

SCHNEIDER WALLACE
COTTRELL BRAYTON
KONECKY LLP

*Lynn Hall, et al., v. Comcast Corporation, et al.*
DECLARATION OF CAROLYN H. COTTRELL IN SUPPORT OF DETERMINATION THAT CASE IS COMPLEX UNDER
CALIFORNIA RULE OF COURT 3.400

Exhibit E

Schneider & Wallace
Attn: Cottrell, Carolyn H
180 Montgomery St. Ste. 2000
San Francisco, CA  94104

Comcast Corporation

# Superior Court of California, County of Alameda
# Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hall <br> Plaintiff/Petitioner(s) <br> VS. <br> <br> Comcast Corporation <br> Defendant/Respondent(s) <br> (Abbreviated Title) | No. <u>RG11595543</u> <br> <br> <br> NOTICE OF HEARING |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 10/27/2011   TIME: 02:00 PM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Case Management Conference:
DATE: 01/06/2012   TIME: 10:00 AM   DEPARTMENT: 20
LOCATION: Administration Building, Fourth Floor
              1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 20 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6936.  Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 20.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.  Case Management Statements may be filed by E-Delivery, by emailing them to the following address:
<u>EDelivery@alameda.courts.ca.gov</u>.  No fee is charged for this service.  For further information,

go to **Direct Calendar Departments** at http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 20.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 20 by e-mail at Dept.20@alameda.courts.ca.gov or by phone at (510) 267-6936.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:  09/20/2011                              Executive Officer / Clerk of the Superior Court

By                  *Cheryl Clark*
                                                          Digital
                                                          Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 09/21/2011.

By                  *Cheryl Clark*
                                                          Digital
                                                          Deputy Clerk

Exhibit F

1  LAFAYETTE & KUMAGAI LLP
   Gary T. Lafayette (State Bar No.: 088666)
2  Rebecca K. Kimura (State Bar No.: 220420)
   Paul J. Katz (State Bar No.: 243932)
3  100 Spear Street, Suite 600
   San Francisco, California 94105
4  Telephone: (415) 357-4600
   Facsimile: (415) 357-4605
5
   Attorneys for Defendant
6  Comcast of California / Colorado / Washington I, Inc.

ENDORSED
FILED
ALAMEDA COUNTY

OCT 2 0 2011

CLERK OF THE SUPERIOR COURT
S. McMullen

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF ALAMEDA

10

11 LYNN HALL, individually and on behalf of all        Case No. RG 11595543
   others similarly situated,
12                                                      **ANSWER OF COMCAST OF**
                Plaintiff,                              **CALIFORNIA / COLORADO /**
13                                                      **WASHINGTON I, INC. TO**
   vs.                                                  **COMPLAINT**
14
   COMCAST CORPORATION, COMCAST OF
15 CALIFORNIA / COLORADO / TEXAS /
   WASHINGTON, INC., COMCAST OF
16 CALIFORNIA / COLORADO /
   WASHINGTON I, INC. and DOES 1 to 50
17
                Defendants.
18

19       Defendant Comcast of California / Colorado / Washington I, Inc. ("Defendant") hereby

20 responds to the allegations set forth in the unverified class action complaint ("Complaint") as

21 follows:

22                              **GENERAL DENIAL**

23       1.      Pursuant to California Code of Civil Procedure §431.30, subdivision (d),

24 Defendant denies generally and specifically every material allegation in the Complaint.  In

25 addition, Defendant denies it violated any laws, or that it is liable in any way under Plaintiff's

26 purported causes of action.  Similarly, Defendant denies it injured Plaintiff or any other person

27 Plaintiff purports to represent, or that Plaintiff or any other person she purports to represent is

28

1   entitled to damages or to any other kind of relief in connection with this case.  As separate and

2   affirmative defenses to each of the purported causes of action contained in the Complaint,

3   Defendant alleges as follows:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

**(Failure to State a Cause of Action – All Causes of Action)**

6       2.    The Complaint and each purported cause of action attempted to be stated therein

7   fails to state facts sufficient to constitute a cause of action.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

**(No Relief to Non-Parties – All Causes of Action)**

10       3.    Plaintiff's claims are not amenable to class treatment, as Plaintiff cannot meet the

11   prerequisites for class certification and Plaintiff is an inadequate representative of the proposed

12   class.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

**(No Penalty – Third and Fourth Causes of Action)**

15       4.    Plaintiff is not entitled to any penalty award under Section 2699, subdivisions (a)

16   or (f) of the Labor Code because she failed to comply with the administrative prerequisites for

17   filing a civil action under the Labor Code Private Attorney General Act of 2004.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

**(Unfair Competition Provisions Unconstitutional – Second Cause of Action)**

20       5.    On their face and as applied to the Complaint, the provisions of Business and

21   Professions Code sections 17200 *et seq.* violate Defendant's rights under the Due Process clause

22   of the Fourteenth Amendment of the United States Constitution and/or Article I, section VII of

23   the California Constitution in that, among other things:  (1) the Business and Professions Code

24   provisions are unconstitutionally vague; (2) the Complaint unconstitutionally seeks to compel

25   Defendant to litigate claims to which there can be no binding judgment and no finality; and,

26   (3) Plaintiff seeks adjudication of the claims of absent parties, relief based upon the claims of

27   absent parties, and/or remedies or judgments in favor of absent parties, over whom this Court has

28   no constitutional jurisdiction.

2

1
2

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

#### (No Injured Parties – Second Cause of Action)

3   6.   The claim under California Business and Professions Code Section 17200 *et seq.*,

4   and the declaratory, injunctive, restitution, and penalty remedies sought thereunder are barred

5   because Plaintiff has not been injured, nor are there any identifiable injured parties. *Kraus v.*

6   *Trinity Management Services, Inc.* (2000) 23 Cal.4th 116; *Cortez v. Purolator Air Filtration*

7   *Products, Co.* (2000) 23 Cal.4th 163.

8   ### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

9   #### (Adequate Remedy at Law – Second Cause of Action)

10   7.   Plaintiff's requests for injunctions, for declaratory relief, and for restitution fail

11   because Plaintiff and the persons she purports to represent have adequate remedies at law.

12   ### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

13   #### (Vagueness of Injunctive Relief – Second Cause of Action)

14   8.   The claim for injunctive relief is too vague and overly broad to be enforced.

15   ### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

16   #### (Laches, Unclean Hands, Waiver, and Estoppel – All Causes of Action)

17   9.   Plaintiff and the persons she seeks to represent are not entitled to any relief to the

18   extent that Plaintiff and each person has forfeited that person's right to relief under the doctrines

19   of laches or unclean hands, waived that person's right to relief, and/or is estopped from seeking

20   the relief requested in the Complaint.

21   ### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

22   #### (Consent and Ratification -- All Causes of Action)

23   10.   Plaintiff and the persons she seeks to represent are not entitled to any relief to the

24   extent that Plaintiff and each person ratified and/or consented to any conduct by Defendant.

25   ### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

26   #### (No Recovery on Behalf of Others – All Causes of Action)

27   11.   Plaintiff cannot recover damages, restitution, or disgorgement or obtain

28   injunctions or declaratory relief on behalf of other persons because a class cannot be certified

1 | under the standard in California Code of Civil Procedure section 382.

2 | **ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE**

3 | **(Damages Speculative – All Causes of Action)**

4 | 12. Plaintiff's requested damages are speculative and/or unavailable as a matter of

5 | law to Plaintiff or to any other person Plaintiff purports to represent.

6 | **TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE**

7 | **(Failure to State Cause of Action for Attorneys' Fees – All Causes of Action)**

8 | 13. Plaintiff's Complaint, and each purported cause of action therein, fails to state

9 | facts sufficient to constitute a claim for attorneys' fees against Defendant.

10 | **THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

11 | **(Invalid Basis for a Section 17200 Claim – Second Cause of Action)**

12 | 14. Plaintiff cannot seek relief for alleged violations of Labor Code section 226,

13 | which provides for penalties, under Business and Professions Code sections 17200 *et seq.*

14 | **FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

15 | **(No Knowing and Intentional Violation – Second Cause of Action)**

16 | 15. Any alleged violation of Labor Code section 226 by Defendant was not knowing

17 | and intentional within the meaning of the statute.

18 | **FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

19 | **(No Injury – Second Cause of Action)**

20 | 16. Neither Plaintiff nor any other persons she purports to represent can demonstrate

21 | that he or she suffered injury as a result of an alleged violation of Labor Code section 226 by

22 | Defendant.

23 | **SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE**

24 | **(Defendant Was Not Employer or Dual Employer – All Causes of Action)**

25 | 17. At all times alleged in the Complaint, Defendant was not the employer or dual

26 | employer of the Plaintiff and of the proposed class members, and therefore is not liable for any

27 | of the claims alleged.

28 |

4

1

### SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

**(Plaintiff is Not an Adequate Representative – All Causes of Action)**

3      18.      This case cannot be maintained as a class action because Plaintiff is not an

4    adequate representative of the proposed class.

5

### EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

6

**(No Likelihood of Future Harm – Second Cause of Action)**

7      19.      Plaintiff cannot seek injunctive relief because there is no likelihood of future

8    harm.

9

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

10

**(Not Employees – All Causes of Action)**

11      20.      Plaintiff and the other putative class members are not entitled to relief because

12    they were independent contractors and not employees during all relevant times.

13

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

14

**(No Knowledge – All Causes of Action)**

15      21.      Defendant's duty under Labor Code section 2802 was not triggered to the extent

16    that it did not have actual or constructive knowledge that Plaintiff or the putative class members

17    had incurred a reimbursable expense.

18

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

19

**(Expenses Not Incurred In Direct Consequence – All Causes of Action)**

20      22.      Defendant had no duty under Labor Code section 2802 to reimburse Plaintiff's or

21    putative class members' alleged expenses to the extent such expenses were not incurred in direct

22    consequence of the discharge of their duties.

23

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

24

**(Fact Issues Not Susceptible to Class Treatment – All Causes of Action)**

25      23.      Plaintiff's claims are not susceptible to class treatment because they involve fact-

26    intensive issues that will apply differently to each putative class member, including but not

27    limited to the types and amounts of expenses incurred, the necessity and/or reasonableness of

28    these expenses, and the adequacy of reimbursement for these expenses.

## TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

### (Not Within Scope of Employment – All Causes of Action)

24.     Defendant had no duty to reimburse Plaintiff's and the putative class members' expenses to the extent that these expenses were not incurred within their scope of employment.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

### (Adequacy of Reimbursement – All Causes of Action)

25.     Defendant is not liable because its method of reimbursement complied with Labor Code section 2082.

## ADDITIONAL SEPARATE AND AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff and the putative class take nothing by the Complaint and that the Complaint be dismissed with prejudice;

2.     That this case not be certified as a class action.

3.     That judgment be awarded in favor of Defendant and against Plaintiff on all causes of action;

4.     That Defendant be awarded all costs of suit and reasonable attorneys' fees incurred herein; and

5.     That Defendant be awarded all other and further relief as this Court may deem appropriate.

DATED: October 20, 2011

LAFAYETTE & KUMAGAI LLP

GARY T. LAFAYETTE
Attorneys for Defendant
COMCAST OF CALIFORNIA /
COLORADO / WASHINGTON I, INC.

Answer to Complaint; Case No. RG 11595543

Pldg\Answer (Revised).DOC

**PROOF OF SERVICE**

I, declare:

I am employed in the City and County of San Francisco, California. I am over the age of eighteen years and not a party to the within action. My business address is 100 Spear Street, Suite 600, San Francisco, California, 94105.

On October 20, 2011, I served the document named below on the parties in this action as follows:

**ANSWER OF COMCAST OF CALIFORNIA / COLORADO / WASHINGTON I, INC. TO COMPLAINT**

**X**  (BY MAIL) I caused each and such envelope, with postage thereon fully prepaid, to be placed in the United States mail at San Francisco, California. I am readily familiar with the practice for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

_____ (BY PERSONAL SERVICE) I caused to be personally served each document listed above on the addressee (s) noted below.

_____ (BY FACSIMILE) I caused to be sent via facsimile at the facsimile number listed below, a copy of each document to the addressee(s) noted below

_____ (BY OVERNIGHT MAIL) I caused to be delivered to an overnight courier service each such envelope to the addressee noted below.

Todd M. Schneider, Esq.
Carolyn H. Cottrell, Esq.
Schneider Wallace Cottrell Brayton Konecky LLP
180 Montgomery Street, Suite 2000
San Francisco, California 94104
**Facsimile No. 415-421-7105**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ____October 20, 2011_____ , at San Francisco, California.

_____
Cameron Galloway

7

Answer to Complaint; Case No. RG 11595543