1  LAFAYETTE & KUMAGAI LLP
   GARY T. LAFAYETTE (State Bar No. 088666)
2  REBECCA K. KIMURA (State Bar No. 220420)
   100 Spear Street, Suite 600
3  San Francisco, California 94105
   Telephone:   (415) 357-4600
4  Facsimile:   (415) 357-4605

5  Attorneys for Defendant
   Comcast Corporation and Comcast of
6  California / Colorado / Washington I, Inc.

7  TODD M. SCHNEIDER (State Bar No. 158253)
   CAROLYN H. COTTRELL (State Bar No. 166977)
8  LEE B. SZOR (SBN 276381)
   SCHNEIDER WALLACE
9  COTTRELL BRAYTON KONECKY LLP
   180 Montgomery Street, Suite 2000
10 San Francisco, California 94104
   Telephone:   (415) 421-7100
11 Facsimile:   (415)-421-7105

12 Attorneys for Plaintiff Lynn Hall and the Putative Class

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15

16 LYNN HALL, individually and on behalf of        Case No. C11-05174-JSW
   all others similarly situated,
17                                                 [PROPOSED] MODIFIED
                                                   STIPULATED PROTECTIVE ORDER
18         Plaintiff,                               AS MODIFIED

19

20 vs.

21 COMCAST CORPORATION, COMCAST
   OF CALIFORNIA / COLORADO / TEXAS /
22 WASHINGTON, INC., COMCAST OF
   CALIFORNIA / COLORADO /
23 WASHINGTON I, INC. and DOES 1 to 50

24

25         Defendants.

26

27

28

                                                                              1

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  The parties further acknowledge that this Order does not compel or require any party to produce information that is protected from disclosure by statute or law.

2.      DEFINITIONS

2.1     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).  In addition, the following categories of information will be designated and treated as "Confidential" in this litigation:

(a)      Social security numbers, financial account numbers, driver's license numbers, dates of birth, personnel numbers of putative class members;

(b)      Home addresses, e-mail addresses, and telephone numbers of putative class members.

2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

2

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:  extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party:  a Party or Non-Party that produces Disclosure or

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

1   Discovery Material in this action.

2           2.13    Professional Vendors: persons or entities that provide litigation support

3   services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

4   organizing, storing, or retrieving data in any form or medium) and their employees and

5   subcontractors.

6           2.14    Protected Material: any Disclosure or Discovery Material that is

7   designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

8   ONLY."

9           2.15    Receiving Party: a Party that receives Disclosure or Discovery Material

10  from a Producing Party.

11      3.      SCOPE

12          The protections conferred by this Stipulation and Order cover not only Protected Material

13  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

14  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

15  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

16  However, the protections conferred by this Stipulation and Order do not cover the following

17  information: (a) any information that is in the public domain at the time of disclosure to a

18  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

19  a result of publication not involving a violation of this Order, including becoming part of the

20  public record through trial or otherwise; and (b) any information known to the Receiving Party

21  prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who

22  obtained the information lawfully and under no obligation of confidentiality to the Designating

23  Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

24      4.      DURATION

25          Even after final disposition of this litigation, the confidentiality obligations imposed by

26  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

27  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

28  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. 1    DESIGNATING PROTECTED MATERIAL

      5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

      5.2    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

      (a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1   portions of the material on a page qualifies for protection, the Producing Party also must clearly

2   identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must

3   specify, for each portion, the level of protection being asserted.

4          A Party or Non-Party that makes original documents or materials available for inspection

5   need not designate them for protection until after the inspecting Party has indicated which

6   material it would like copied and produced. During the inspection and before the designation, all

7   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

8   ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

9   copied and produced, the Producing Party must determine which documents, or portions thereof,

10  qualify for protection under this Order. Then, before producing the specified documents, the

11  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

13  Material. If only a portion or portions of the material on a page qualifies for protection, the

14  Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

15  markings in the margins) and must specify, for each portion, the level of protection being

16  asserted.

17              (b)      for testimony given in deposition or in other pretrial or trial

18  proceedings, that the Designating Party identify on the record, before the close of the deposition,

19  hearing, or other proceeding, all protected testimony and specify the level of protection being

20  asserted. When it is impractical to identify separately each portion of testimony that is entitled to

21  protection and it appears that substantial portions of the testimony may qualify for protection, the

22  Designating Party may invoke on the record (before the deposition, hearing, or other proceeding

23  is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to

24  which protection is sought and to specify the level of protection being asserted. Only those

25  portions of the testimony that are appropriately designated for protection within the 21 days shall

26  be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating

27  Party may specify, at the deposition or up to 21 days afterwards if that period is properly

28  invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2  Parties shall give the other parties notice if they reasonably expect a deposition, hearing

3  or other proceeding to include Protected Material so that the other parties can ensure that only

4  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

5  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

6  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

7  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8  Transcripts containing Protected Material shall have an obvious legend on the title page

9  that the transcript contains Protected Material, and the title page shall be followed by a list of all

10  pages (including line numbers as appropriate) that have been designated as Protected Material

11  and the level of protection being asserted by the Designating Party. The Designating Party shall

12  inform the court reporter of these requirements. Any transcript that is prepared before the

13  expiration of a 21-day period for designation shall be treated during that period as if it had been

14  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

15  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

16  actually designated.

17       (c)    for information produced in some form other than documentary and

18  for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

19  the container or containers in which the information or item is stored the legend

20  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. If only a

21  portion or portions of the information or item warrant protection, the Producing Party, to the

22  extent practicable, shall identify the protected portion(s) and specify the level of protection being

23  asserted.

24       5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent

25  failure to designate qualified information or items does not, standing alone, waive the

26  Designating Party's right to secure protection under this Order for such material. Upon timely

27  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

28  material is treated in accordance with the provisions of this Order.

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

7

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality and/or level of protection by providing written notice of each designation it is challenging and describing the basis for each challenge within 45 days of the Challenging Party's receipt of the information designated as "Confidential."  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.

6.2      Meet and Confer.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation and/or level of designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation or level of designation is offered, to explain the basis for the chosen designation or level of designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3      Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality and/or level of designation under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation and/or level of designation for each challenged designation and/or level of designation.  In addition, the Challenging Party may file a motion challenging a

8

1 confidentiality designation or a level of designation if there is good cause for doing so, including

2 a challenge to the designation or level of designation of a deposition transcript or any portions

3 thereof.  Any motion brought pursuant to this provision must be accompanied by a competent

4 declaration affirming that the movant has complied with the meet and confer requirements

5 imposed by the preceding paragraph.

6        The burden of persuasion in any such challenge proceeding shall be on the

7 Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

8 or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

9 to sanctions.  Unless the Designating Party has waived the confidentiality designation or level of

10 designation by failing to file a motion to retain confidentiality or the level of designation as

11 described above, all parties shall continue to afford the material in question the level of protection

12 to which it is entitled under the Producing Party's designation until the court rules on the

13 challenge.

14       7.     ACCESS TO AND USE OF PROTECTED MATERIAL

15       7.1    Basic Principles.  A Receiving Party may use Protected Material that is

16 disclosed or produced by another Party or by a Non-Party in connection with this case only for

17 prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be

18 disclosed only to the categories of persons and under the conditions described in this Order.

19 When the litigation has been terminated, a Receiving Party must comply with the provisions of

20 section 13 below (FINAL DISPOSITION).

21       Protected Material must be stored and maintained by a Receiving Party at a location and

22 in a secure manner that ensures that access is limited to the persons authorized under this Order.

23       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

24 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

25 disclose any information or item designated "CONFIDENTIAL" only to:

26       (a)    the Receiving Party's Outside Counsel of Record in this action, as

27 well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

28 disclose the information for this litigation and who have signed the "Acknowledgment and

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1    Agreement to Be Bound" that is attached hereto as Exhibit A;

2            (b)     the officers, directors, and employees (including House Counsel) of

3 the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

4 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5            (c)     Experts (as defined in this Order) of the Receiving Party to whom

6 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

7 and Agreement to Be Bound" (Exhibit A);

8            (d)     the court and its personnel;

9            (e)     court reporters and their staff, professional jury or trial consultants,

10 and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

11 have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12            (f)     during their depositions, witnesses in the action to whom disclosure

13 is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be

14 Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.

15 Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material

16 must be separately bound by the court reporter and may not be disclosed to anyone except as

17 permitted under this Stipulated Protective Order.

18            (g)     the author or recipient of a document containing the information or

19 a custodian or other person who otherwise possessed or knew the information.

20       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

21 ONLY" Information or Items: Unless otherwise ordered by the court or permitted in writing by

22 the Designating Party, a Receiving Party may disclose any information or item designated

23 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

24            (a)     the Receiving Party's Outside Counsel of Record in this action, as

25 well as employees of said Outside Counsel of Record to whom it is reasonably necessary to

26 disclose the information for this litigation and who have signed the "Acknowledgment and

27 Agreement to Be Bound" that is attached hereto as Exhibit A;

28            (b)     Experts of the Receiving Party (1) to whom disclosure is

10

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and

2  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph

3  7.4(a)(2), below, have been followed;

4             (c)      the court and its personnel;

5             (d)      court reporters and their staff, professional jury or trial consultants,

6  and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who

7  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

8             (e)      the author or recipient of a document containing the information or

9  a custodian or other person who otherwise possessed or knew the information.

10        7.4      Procedures for Approving or Objecting to Disclosure of "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts.

12            (a)      Unless otherwise ordered by the court or agreed to in writing by the

13  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any

14  information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

15  EYES ONLY pursuant to paragraph 7.2(c) first must make a written request to the Designating

16  Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS'

17  EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert,

18  (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3)

19  attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

20  identifies each person or entity from whom the Expert has received compensation or funding for

21  work in his or her areas of expertise or to whom the expert has provided professional services,

22  including in connection with a litigation, at any time during the preceding five years,[1] and (6)

23  identifies (by name and number of the case, filing date, and location of court) any litigation in

24  connection with which the Expert has offered expert testimony, including through a declaration,

25

26

---

27  [1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

28

11

1    report, or testimony at a deposition or trial, during the preceding five years.[2]

2            (b)     A Party that makes a request and provides the information specified

3    in the preceding respective paragraph may disclose the subject Protected Material to the

4    identified Expert unless, within 14 days of delivering the request, the Party receives a written

5    objection from the Designating Party. Any such objection must set forth in detail the grounds on

6    which it is based.

7            (c)     A Party that receives a timely written objection must meet and

8    confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

9    matter by agreement within seven days of the written objection. If no agreement is reached, the

10   Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local

11   Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the

12   court to do so. Any such motion must describe the circumstances with specificity, set forth in

13   detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm

14   that the disclosure would entail, and suggest any additional means that could be used to reduce

15   that risk. In addition, any such motion must be accompanied by a competent declaration

16   describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content

17   of the meet and confer discussions) and setting forth the reasons advanced by the Designating

18   Party for its refusal to approve the disclosure.

19           In any such proceeding, the Party opposing disclosure to the Expert shall

20   bear the burden of proving that the risk of harm that the disclosure would entail (under the

21   safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its

22   Expert.

23       8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

24   OTHER LITIGATION

25           If a Party is served with a subpoena or a court order issued in other litigation that compels

26

27   ───────────────────

28   [2] It may be appropriate in certain circumstances to restrict the Expert from undertaking certain limited work prior to
     the termination of the litigation that could foreseeably result in an improper use of the Designating Party's
     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information.
     **This should not preclude any expert from raising a challenge to such a restriction.**

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  disclosure of any information or items designated in this action as "CONFIDENTIAL" or

2  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

3        (a)    promptly notify in writing the Designating Party. Such notification shall

4  include a copy of the subpoena or court order;

5        (b)    promptly notify in writing the party who caused the subpoena or order to

6  issue in the other litigation that some or all of the material covered by the subpoena or order is

7  subject to this Protective Order. Such notification shall include a copy of this Stipulated

8  Protective Order; and

9        (c)    cooperate with respect to all reasonable procedures sought to be pursued by

10  the Designating Party whose Protected Material may be affected.

11        If the Designating Party timely seeks a protective order, the Party served with the

12  subpoena or court order shall not produce any information designated in this action as

13  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a

14  determination by the court from which the subpoena or order issued, unless the Party has

15  obtained the Designating Party's permission. The Designating Party shall bear the burden and

16  expense of seeking protection in that court of its confidential material – and nothing in these

17  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

18  disobey a lawful directive from another court.

19       9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED</u>

20  <u>IN THIS LITIGATION</u>

21        (a)    The terms of this Order are applicable to information produced by a Non-

22  Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

23  ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with

24  this litigation is protected by the remedies and relief provided by this Order. Nothing in these

25  provisions should be construed as prohibiting a Non-Party from seeking additional protections.

26        (b)    In the event that a Party is required, by a valid discovery request, to

27  produce a Non-Party's confidential information in its possession, and the Party is subject to an

28  agreement with the Non-Party not to produce the Non-Party's confidential information, then the

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

13

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1 Party shall:

2                               1.       promptly notify in writing the Requesting Party and the Non-Party

3 that some or all of the information requested is subject to a confidentiality agreement with a Non-

4 Party;

5                               2.       promptly provide the Non-Party with a copy of the Stipulated

6 Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

7 description of the information requested; and

8                               3.       make the information requested available for inspection by the

9 Non-Party.

10              (c)      If the Non-Party fails to object or seek a protective order from this court

11 within 14 days of receiving the notice and accompanying information, the Receiving Party may

12 produce the Non-Party's confidential information responsive to the discovery request. If the Non-

13 Party timely seeks a protective order, the Receiving Party shall not produce any information in its

14 possession or control that is subject to the confidentiality agreement with the Non-Party before a

15 determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

16 burden and expense of seeking protection in this court of its Protected Material.

17          10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

19 Material to any person or in any circumstance not authorized under this Stipulated Protective

20 Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

21 unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

22 Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

23 made of all the terms of this Order, and (d) request such person or persons to execute the

24 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

25          11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

26 PROTECTED MATERIAL

27      When a Producing Party gives notice to Receiving Parties that certain inadvertently

28 produced material is subject to a claim of privilege or other protection, the obligations of the

14

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

1  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

2  provision is not intended to modify whatever procedure may be established in an e-discovery

3  order that provides for production without prior privilege review. Pursuant to Federal Rule of

4  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

5  communication or information covered by the attorney-client privilege or work product

6  protection, the parties may incorporate their agreement in the stipulated protective order

7  submitted to the court.

8          12.     PRE-CERTIFICATION DISCOVERY

9          To the extent Plaintiff's counsel attempts to contact putative class members, Plaintiff's

10  counsel shall inform each potential putative class member contacted that he or she has a right not

11  to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiff's counsel will

12  terminate the contact.    Plaintiff's counsel will not contact putative class members who have

13  informed Plaintiff's counsel that they do not wish to communicate with counsel in this matter.

14          Additionally, Plaintiff's counsel shall maintain a list of those  individuals who have

15  indicated that they do not wish to communicate with counsel, and such list will be maintained for

16  the internal purposes of Schneider Wallace Cottrell Brayton Konecky LLP, in tracking that

17  information.  Plaintiff may be required to submit this list to the Court for its review upon the

18  order of the Court.

19          Plaintiff shall not use any of the contact information obtained for any purposes outside of

20  this litigation.  Plaintiff shall not disseminate this information to anyone not necessary to the

21  prosecution of this action.

22          13.     MISCELLANEOUS

23          13.1    Right to Further Relief. Nothing in this Order abridges the right of any

24  person to seek its modification by the court in the future.

25          13.2    Right to Assert Other Objections. By stipulating to the entry of this

26  Protective Order no Party waives any right it otherwise would have to object to disclosing or

27  producing any information or item on any ground not addressed in this Stipulated Protective

28  Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of

15

the material covered by this Protective Order.

13.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14. FINAL DISPOSITION

Counsel shall keep a record of all copies of Protected Material distributed, in whole or in part, to any Qualified Person. Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. The Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such

**LAFAYETTE & KUMAGAI LLP**
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

16

1  archival copies that contain or constitute Protected Material remain subject to this Protective

2  Order as set forth in Section 4 (DURATION).

3

4  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5

6  DATED:  August 7, 2012                        _____/s/ Carolyn H. Cottrell_____
                                                          Attorneys for Plaintiff
7

8
   DATED:  August 7, 2012                        _____/s/ Rebecca K. Kimura_____
9                                                         Attorneys for Defendant

10

11  PURSUANT TO STIPULATION, IT IS SO ORDERED.

12

13  DATED: _August 9, 2012_____            _____
                                                    Honorable Jeffrey S. White
14                                                  United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

17

[PROPOSED] MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAFAYETTE & KUMAGAI LLP
ATTORNEYS AT LAW
100 SPEAR STREET, SUITE 600
SAN FRANCISCO, CALIFORNIA 94105
(415) 357-4600
FAX (415) 357-4605

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Modified Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ in the case of Lynn Hall v. Comcast Corporation, et al., Case No. CV11--05174 JSW.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                     [signature]

18

MODIFIED STIPULATED PROTECTIVE ORDER (Case No. C11-05174-JSW)