1 CAROLYN H. COTTRELL (SBN 166977)
SCHNEIDER WALLACE
2 COTTRELL KONECKY LLP
180 Montgomery Street, Suite 2000
3 San Francisco, California 94104
Telephone: (415) 421-7100
4 Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com

5 Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LYNN HALL, | Case No.: 3:11-cv-05174-JSW |
| Plaintiff, | **STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT, DISMISSING INDIVIDUAL CLAIMS WITH PREJUDICE, AND DISMISSING CLASS CLAIMS WITHOUT PREJUDICE** |
| vs. | |
| COMCAST CORPORATION, COMCAST OF CALIFORNIA / COLORADO / TEXAS / WASHINGTON, INC., COMCAST OF CALIFORNIA / COLORADO / WASHINGTON I, INC. and DOES 1 to 50 | |
| Defendants. | |

STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT, DISMISSING INDIVIDUAL CLAIMS WITH
PREJUDICE, AND DISMISSING CLASS CLAIMS WITHOUT PREJUDICE
*Hall v. Comcast Corporation, et al.*, Case No. 3:11-cv-05174-JSW

**STIPULATION**

Plaintiff Lynn Hall ("Plaintiff"), along with Defendant Comcast Corporation and Defendant Comcast of California / Colorado / Washington I, Inc. ("Defendants") (collectively, "the Parties"), through their respective counsel present the following stipulation and proposed order regarding settlement and dismissal.

WHEREAS, Plaintiff's Counsel filed a Complaint on behalf of Plaintiff Hall and those similarly situated to her in Alameda County Superior Court on September 16, 2011;

WHEREAS, the Complaint included class allegations of all similarly situated Business Account Executives against Defendants for violations of the California Labor Code and the California Business and Professions Code §§ 17200, *et seq.* Plaintiff challenged Defendants' policies and/or practices of failing to reimburse Business Account Executives for necessary expenditures and losses they incurred as a direct consequence of discharging their employment duties. Specifically, Plaintiff alleged that Defendants failed to reimburse Business Account Executives for mileage expenses, cellular phone expenses, home office expenses, and other work-related expenditures. Plaintiff sought to represent a class of "all individuals employed in California by Comcast as Business Account Executives, or similarly situated outside salespersons, at any time within the period of four years prior to the commencement of this action through the date of judgment of this action";

WHEREAS, on October 20 and 21, 2011, Defendants answered the Complaint and denied Plaintiff's allegations;

WHEREAS, after reviewing the information obtained during extensive investigation, class outreach, discovery, and depositions Plaintiff's counsel ultimately determined that the case was better suited to proceed on behalf of Plaintiff Lynn Hall individually as opposed to on a class-wide basis. Consequently, Plaintiff did not file a class certification motion on February 22, 2013[1];

WHEREAS, the Parties began arms'-length negotiations to settle this lawsuit on behalf of Plaintiff and one additional Business Account Executive, Raquel Luzi Steiner ("Ms. Steiner"). The

---

[1] If the Court requires additional information about this decision, Plaintiff's counsel is willing to provide details for the Court's *in camera* review.

1
STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT, DISMISSING INDIVIDUAL CLAIMS WITH PREJUDICE, AND DISMISSING CLASS CLAIMS WITHOUT PREJUDICE
*Hall v. Comcast Corporation, et al.*, Case No. 3:11-cv-05174-JSW

Parties ultimately agreed that Plaintiff Hall and Ms. Steiner, would settle their individual claims in this lawsuit in exchange for monetary compensation. Other than the compensation set forth in the settlement agreements, each party is to bear its own attorneys' fees and costs;

WHEREAS, the Parties have carefully and exhaustively negotiated individual settlements for Plaintiff Hall and Ms. Steiner, and have agreed to resolve their individual claims as set forth in their respective Settlement Agreements;

WHEREAS, the Federal Rules of Civil Procedure ("FRCP") Rule 23(e) requires court approval to dismiss a certified class action. As discussed above, Plaintiff did not move for class certification in this case. Generally, as valid, binding contracts, settlement agreements do not need to be approved, ratified or adopted by the court in order to be enforceable. *See* 15B Am. Jur. 2d Compromise and Settlement § 9; *see also Adoma v. Univ. of Phoenix, Inc.*, 913 F.Supp.2d 964 (E.D. Cal. 2012) ("This requirement of court approval for [a Rule 23 class action] settlement is in contrast to the procedures for settlement in most other civil actions");

WHEREAS, in light of the Parties' negotiated individual settlements, the Parties hereby stipulate to dismiss Plaintiff Hall and Ms. Steiner's individual claims with prejudice, and dismiss the remaining class claims *without prejudice*;

WHEREFORE, the Parties request that the Court dismiss class claims *without prejudice*.

**IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES:**

The Parties respectfully request that the Court dismiss Plaintiff Hall and Ms. Steiner's individual claims with prejudice, and that the Court enter an order dismissing the remaining class claims *without prejudice*.

DATED: July 30, 2013              SCHNEIDER WALLACE
                                  COTTRELL KONECKY LLP


                                  /s/ *Carolyn H. Cottrell*
                                  CAROLYN H. COTTRELL
                                  Attorneys for Plaintiff LYNN HALL

---

2
STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT, DISMISSING INDIVIDUAL CLAIMS WITH PREJUDICE, AND DISMISSING CLASS CLAIMS WITHOUT PREJUDICE
*Hall v. Comcast Corporation, et al.*, Case No. 3:11-cv-05174-JSW

| | | |
|---|---|---|
| 1 | DATED:  July 30, 2013 | LAFAYETTE & KUMAGAI LLP |
| 2 | | |
| 3 | | /s/ *Rebecca K. Kimura*<br>REBECCA K. KIMURA<br>Attorneys for Defendants COMCAST CORPORATION and COMCAST OF CALIFORNIA / COLORADO / WASHINGTON I, INC. |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ORDER

The individual claims of Plaintiff Lynn Hall and Ms. Raquel Luzi Steiner are dismissed with prejudice, as stipulated between the Parties. The Court, hereby dismisses the remaining class claims *without prejudice*.

IT IS SO ORDERED.

July 31, 2013

_____
HON. JEFFREY S. WHITE
United States District Court